FINSILVER, STILL & MOSS, INC., Respondent, *v.* SIGMUND LORENZ and Others, Copartners, Doing Business under the Firm Name and Style of LORENZ, FRIEDMAN & SCHULHOFF, Appellants.

First Department, April 6, 1923.

Sales — action by seller for purchase price of goods tendered and refused — seller cannot recover in absence of proof that goods tendered complied with contract, that person to whom tender was made was employee of buyer and that seller was ready and able to perform contract — verdict for seller against weight of evidence.

In an action by a seller to recover the purchase price of goods alleged to have been refused when tendered, a verdict in favor of the seller cannot be sustained where

there is no proof that the goods claimed to have been tendered complied with the contract between the parties, that the person to whom the tender was made was an employee of the buyer and that the seller was ready and able to perform its entire contract, the tender having been of a part only of the goods.

Furthermore, the verdict of the jury that the goods were tendered to the defendants was against the weight of the evidence.

APPEAL by the defendants, Sigmund Lorenz and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of October, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of October, 1922, denying defendants' motion for a new trial made upon the minutes, as resettled by an order entered in said clerk's office on the 1st day of November, 1922.

*Drechsler, Orenstein & Leff* [*Max Leff* of counsel; *David Drechsler* with him on the brief], for the appellants.

*Joseph Dannenberg,* for the respondent.

DOWLING, J.:

The complaint herein alleged that " on or about the 19th day of November, 1919, plaintiff and the defendants entered into an agreement, whereby the plaintiff agreed to sell and the defendants agreed to purchase from the plaintiff seventeen (17) pieces of merchandise at Four and 75/100 ($4.75) Dollars per yard, delivery to be made during January and February, 1920, the terms to be Six (6%) per cent in ten (10) days and sixty (60) days extra." It is further alleged that on or about January 7, 1920, part of the merchandise was offered by the plaintiff to the defendants for delivery, which merchandise was refused by the defendants and it was mutually agreed thereafter between the plaintiff and the defendants that the merchandise shipped on or about January 7, 1920, was to be withdrawn from the agreement theretofore made between the plaintiff and the defendants, but the balance of the merchandise was to be accepted by the defendants when offered for delivery by the plaintiff herein; that thereafter and on or about the 27th day of February, 1920, the plaintiff tendered to the defendants in pursuance to the agreement aforesaid the merchandise which the plaintiff had agreed to sell to the defendants, but the defendants declined to accept said merchandise and informed the plaintiff that they would accept no merchandise from the plaintiff; and that thereafter the plaintiff gave notice to the defendants that it held said merchandise which had been offered for delivery to the defendants as bailee for the defendants and at the risk against loss by fire or theft of the defendants. It is further alleged that said merchandise could not readily be resold for a reasonable

price, and that the value thereof was $2,200.44. It is further set forth that plaintiff has been at all times ready, willing and able to perform the terms and conditions of the agreement, except in so far as defendants have refused to permit performance by plaintiff.

Upon the trial it appeared that the action was based upon a written order as follows:

" ORDER

" Accepted by

" FINSILVER, STILL & MOSS,

" Incorporated

" IMPORTERS

" 225 Fifth Avenue, New York

" *Nov. 19th*, 1919.

" LORENZ, FRIEDMAN & SCHULHOFF,

" 115 W. 30th St.

" New York City:

" Salesman-Mr. Still.

" Terms-6/10-60X

" Delivery-During Jan. and Feb., 1920

" THIS ORDER is not subject to cancellation. If this confirmation is not acceptable, or in accordance with condition of sale please advise us by return mail.

" FINSILVER, STILL & MOSS, INC.

| Pieces | Width | Style and Color | Length | Price |
|---|---|---|---|---|
| 2.................... | 54″ | R7559 | ........ | 4.75 |
| 2.................... | " | 7558 | ........ | " |
| 2.................... | " | 7557 | ........ | " |
| 1.................... | " | 7564 | ........ | " |
| 2.................... | " | 7565 | ........ | " |
| 2.................... | " | 7566 | ........ | " |
| 2.................... | " | 7517 | ........ | " |
| 2.................... | " | 7518 | ........ | " |
| 2.................... | " | 7519 | ........ | " |

17 pcs."

The only identification of these goods was in the testimony of witnesses that they were " woolens," or " English tweeds."

It appears that on January 6, 1920, plaintiff delivered six pieces of goods to defendants, which were rejected as being too heavy, and they were taken back by plaintiff and the order canceled by mutual agreement to that extent. Thereafter, on February twenty-seventh, seven pieces of goods, measuring $463\frac{1}{4}$ yards of

the value of $2,200.44 were claimed to have been tendered to defendants under the following circumstances. The witness Finsilver accompanied a truckman upstairs in defendants' place of business with the seven pieces of goods. He testified then: " Q. What happened? A. They got them on the elevator, and I handed the man there, the receiving department, the invoice with the receipt. The man that took the invoice went out and came back, and said: ' We don't want the goods.' I said: ' Why? ' He said: ' I don't know. We just don't want them.' "

The goods were then taken back to plaintiff's store. On cross-examination he said the truckman was a boy not now in plaintiff's employ, and he never looked for him as a witness because he " never thought of that."

The defendants called the receiving clerk and the member of their firm who had charge of the contract in question, who testified that plaintiff offered no goods to them after the return of the six pieces in January.

This verdict for plaintiff cannot stand for the reasons: (1) That there is absolutely no proof that the goods claimed to have been tendered complied with the contract between the parties; the only testimony is that of Finsilver that they were " some English tweed goods; " there is not the slightest effort to prove that they answered the description of the goods called for by the written agreement between the parties, or were in fulfilment thereof; (2) that plaintiff has failed to establish that the person to whom the goods were tendered was in defendants' employ, or had power to represent them; there is no presumption that an unnamed man, not identified or shown to have been an employee of defendants, had power to reject goods on their behalf or to repudiate a contract for them; (3) that there is no proof that plaintiff was ready and able to perform its contract with defendants. The original contract was for seventeen pieces of goods; the contract was canceled as to six pieces; therefore, eleven pieces were still to be delivered in February; only seven pieces are claimed to have been tendered and there is no explanation or excuse for the failure to tender or deliver the other four pieces. In addition to these reasons, upon this record the finding of the jury that the seven pieces were tendered to defendants is against the weight of the evidence.

The learned trial court properly charged the jury that " before the plaintiff can recover in this case it is necessary for them to show they performed all the terms and conditions of the agreement on their part required to be performed." This they completely failed to do.

The judgment and order appealed from should, therefore, be reversed and a new trial ordered, with costs to appellants to abide the event.

CLARKE, P. J., SMITH, PAGE and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.